## Dohl v. Clement, Appellant.

*Master and servant—Negligence — Injury to employee — Safe
place to work—Duty to warn employee of concealed dangers—Ex-
cavation—Uneven bottom covered with discolored water.*

1. One who employs his servant to work in an excavation, when
he takes upon himself the direction and control of the work is
bound to see that the place is reasonably safe to work in when the
servant enters it; and if it is actually unsafe and the danger is
one which is concealed, he must inform the servant of the danger.

2. An employer is liable for injury to an employee, caused by
falling into a deep hole in the floor of an excavation while he was
attempting to spread concrete over the bottom of the excavation
which was covered with discolored water, where the master must
have known of the unevenness of the bottom, and yet advised the
employee that the place was safe to walk upon.

Argued Jan. 17, 1919. Appeal, No. 99, Jan. T., 1919,
by defendant, from judgment of C. P. No. 4, Philadel-
phia Co., Sept. T., 1915, No. 4057, dismissing defendant's
motion for judgment n. o. v., in the case of Charles H.
Dohl v. Frank H. Clement, trading as F. H. Clement &
Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WAL-
LING and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before AUDENRIED, P. J.

From the record it appeared that defendant was en-
gaged in constructing an addition to an intake from a
river to a pumping station. This consisted of an exca-
vation which was divided into sections or compartments.
There was a seepage or a leakage of river water into the

excavation which was about twelve feet below the surface of the river. The excavation had been roughly made by means of machinery. There was some question as to whether or not the floor of it was level or was pitted by depressions of various sizes, caused by the removal of bolders or large stones which formed part of the soil which had been removed. The plaintiff was sent into the compartment in question, to level concrete over the bottom of the excavation as the concrete was being poured into it from the chute from the concrete mixer on the outside. The plaintiff testified that it was impossible for him at that time to see the bottom of the excavation as there was then about eighteen inches depth of water in it and that the water was discolored by the concrete which had been dumped into the compartment, so that it could not be seen through. Plaintiff testified that the foreman in charge of the work, who directed him to level the concrete, explained to him that the bottom was level and safe to walk on and that he had no hesitation in stepping down into the water and starting the work of spreading the concrete. While working he stepped backward into a depression approximately fifteen to eighteen inches deep which caused him to fall. The fall brought him into the water up to his waist. He continued to work about one and one-half hours longer; then he left and dried his clothing as best he could, and went elsewhere. Plaintiff claimed his injuries were due to the fall and not to the exposure after getting wet.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Errors assigned* were refusal to direct a verdict for defendant and in dismissing the defendant's motion for judgment n. o. v.

*Bayard Henry* and *Gerald Ronon,* for appellant.—An employer is not required to supervise details of all work performed by an employee: Welch v. Carlucci Stone Co.,

215 Pa. 34; Durst v. Carnegie Steel Co., 173 Pa. 162; Lee v. Dobson, 217 Pa. 352; Iams v. Hazel Atlas Glass Co., 251 Pa. 443; Schneider v. Phila. Quartz Co., 220 Pa. 550; Weaver v. Wohlsen, 254 Pa. 375.

Employee cannot recover from employer where the dangers, if any, incident to the work, were as apparent to the employee as to the employer: Welch v. Carlucci Stone Co., supra; Iams v. Hazel Atlas Glass Co., supra.

The plaintiff, because of his own negligence and recklessness, is not entitled to recover from defendant: Ignash v. Murphy, Cook & Co., 249 Pa. 223.

The jury should not have been allowed to guess as to the cause of the plaintiff's injury, when one of the causes was admittedly due to plaintiff's negligence. Plaintiff, on becoming soaking wet, should have cared for himself as any prudent person would have done: Alexander v. Penna. Water Co., 201 Pa. 252; Bruggeman et ux. v. City of York, 254 Pa. 430; Fullick v. South Penn Oil Co., 260 Pa. 5.

*Augustus T. Ashton,* with him *Victor Frey,* for appellee.—It became the duty of the vice-principal in charge of the work to give sufficient warning to the workman so that he might guard against the danger: Kunkel v. Allentown Portland Cement Co., 249 Pa. 104; Gilbert v. Elk Tanning Co., 221 Pa. 176; Reber v. Alsace Township, 49 Pa. Superior Ct. 465; Dougherty v. Dobson, 214 Pa. 252; Martin v. Transport Co., 237 Pa. 15.

PER CURIAM, February 17, 1919:

The sole complaint of the appellant is of the refusal of the court below to direct a verdict in its favor, and of the subsequent dismissal of its motion for judgment n. o. v. The case as presented by the appellee justified the finding of liability on the part of the defendant, and, as no complaint is made of any ruling on offers of evidence, or of the instructions to the jury, the judgment is affirmed.